UNITED STATES NAT. BANK OF NEW YORK v. FIRST NAT. BANK OF LITTLE ROCK et al.

(Circuit Court of Appeals, Eighth Circuit. January 28, 1895.)

No. 507.

APPEAL—MOTION FOR REHEARING—FACTS NOT CONSIDERED—MISTAKE OF COUNSEL.

In Error to the Circuit Court of the United States for the Eastern District of Arkansas.

This was an action by the United States National Bank of New York against the First National Bank of Little Rock, Ark., and S. R. Cockrill, its receiver, upon five notes indorsed by the Little

Rock Bank. At the trial a verdict was directed for the defend-
ants.. On writ of error sued out by plaintiff, the judgment entered
by the circuit court was reversed, and the case remanded, with
directions to award a new trial. 64 Fed. 985. Defendants move
for a rehearing.

William C. Ratcliffe, for plaintiff in error.

Sterling R. Cockrill, for defendants in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

PER CURIAM. A motion for a rehearing has been filed in this
case. In support of the motion it is urged that the defendants in
error asked an instruction in the nature of a demurrer to the
testimony, which raised the question of the adequacy of the proof
offered to fix the liability of the defendant bank as an indorser,
and that this court in its decision overlooked the fact that such an
instruction had been asked, and therefore erred in holding that
the defendant bank waived or abandoned the defense of a want
of proper demand and notice. It is only necessary to say that
counsel are themselves mistaken in supposing that the record
lodged in this court shows that such an instruction was asked.
The record shows that at the conclusion of all of the evidence the
plaintiff in error asked 10 instructions, all of which were refused,
and that "the court, of its own motion," gave the instruction which
is quoted in full in the opinion. 64 Fed. 985. It nowhere appears
in the record that the defendant bank asked any instructions, or
that it attempted, by instructions or otherwise, to avail itself of the
defense that a proper demand was not made upon the makers of
the several notes in suit to fix its liability as an indorser. That
is a defense we think, that was neither considered nor determined
by the trial court. We must adhere, therefore, to the conclusion
announced in the opinion that the supposed defect in the proceed-
ings taken to fix the liability of the defendant bank as an in-
dorser is, upon the record now before us, insufficient to support
the judgment.

The other points urged in support of the motion for a rehearing
were sufficiently considered in the opinion now on file, and we find
nothing in the argument of counsel that is adequate to alter the
views heretofore expressed.